W. C. MOREAU *vs.* JOHN W. EDWARDS and A. S. EDWARDS.

April Term, 1875.

SALE OF PARTNERSHIP BUSINESS AND GOOD-WILL—EFFECT.—The sale of a business stand and the good-will of the business will not prevent the vendors from carrying on the same business in the same neighborhood.

SAME—POWER OF ONE PARTNER TO BIND ANOTHER NOT TO GO INTO THE SAME BUSINESS. — While it may be competent for one partner to bind the other by a sale of the good-will of the business, he has no power to bind him not to go into the same business.

AMENDMENT OF WRITTEN CONTRACT.—To amend a written contract requires clear evidence, and the burden of proof is on the party seeking such relief.

*John Reid*, for complainant.
*M. M. Brien, jr.*, for defendants.

THE CHANCELLOR:—This bill was filed, on the 23d of December, 1871, against the defendants, as partners under the name of Jno. W. Edwards & Co., to enjoin them, or either of them, from carrying on the saloon business in the neighborhood of complainant's saloon. The right to the relief sought is based upon an alleged contract, made on the 2d of December, 1871, by which the complainant bought out the saloon business, together with the stock on hand, fixtures, and appurtenances, of the defendants, as partners as aforesaid, on the corner of Union and Market streets, in

Nashville. The bill states that the contract of purchase was made on the 2d of December, and consummated on the 4th of December, 1871, by written agreement, signed by complainant and Jno. W. Edwards & Co., and exhibited with the bill. It further states "that, before the said paper was drawn up and signed, it was distinctly stated by the said Jno. W. Edwards & Co. that they would not carry on the said saloon business in the neighborhood if your complainant would enter into the contract, and this promise was believed by him, and formed the main motive or inducement to his entering into the said contract." The bill further avers "that this provision of the contract was, by mistake or forgetfulness, omitted in the contract drawn up and signed as aforesaid, and he called the attention of the defendants to the omission before the contract was signed, and he was told that it was fully understood, and would be faithfully complied with, and it was unnecessary to insert the same in the writing," and, confiding in the promise, the contract was signed as written. The bill was sworn to by the complainant, and a temporary injunction granted on the same day, which was, however, dissolved by the Chancellor on the 27th of December, 1871, upon the condition of the defendants entering into bond in the penalty of $500, "conditioned according to law."

The defendants, by their sworn answer, deny the equity of the bill, and especially the two specific charges above quoted, and say that the business sought to be enjoined is exclusively the business of A. S. Edwards, in which John W. Edwards has no interest.

[The Chancellor, after reviewing the facts, proceeded thus:]

To amend a written contract requires clear evidence, and the burden of proof is upon the party coming into court for relief. It is obvious, from the foregoing analysis, that there is no direct evidence of the fact averred, and that the indirect evidence is unsatisfactory. It does not make out a sufficient case for amendment of the writing, nor does it

establish an oral contract as claimed.  At most, it shows: that John W. Edwards had expressed a determination to quit the saloon business, and was willing to be bound by it as if embodied in the written contract.  There is no proof that the firm was to be bound, or that A. S. Edwards was implicated.

But, it is said, James Walker proves that he and the complainant both understood that the latter purchased the good-will of the saloon bought, and it is argued that to obtain the benefit of this purchase required that the defendants. should not again go into business in the neighborhood.  The argument is that a sale of the good-will, and an obligation not to again go into the same business in the neighborhood,. are one and the same.  But I do not so understand the law.

Good-will of a particular business is nothing more, in the absence of express stipulation, than the probability that the old customers will resort to the old place.  *Crutwell* v. *Lye,* 17 Ves. 336, 346 ; *Austen* v. *Boys,* 2 De G. & J. 635.  The sale of the good-will does not carry with it the right to restrain the vendor from carrying on the same business in the same neighborhood.  *Shackle* v. *Baker,* 14 Ves. 468 ;. *Dayton* v. *Wilkes,* 17 How. Pr. 511 ; *White* v. *Jones,* 1 Robt. 331 ; *Johnson* v. *Halleley,* 2 De G. J. & S. 446.  The two things are entirely distinct, and, in order to acquire the power to restrain, there must be a valid contract, or clear understanding, upon consideration, not to go into the same business in the neighborhood.  *Harrison* v. *Gardner,* 2: Madd. 444 ; *Kennedy* v. *Lee,* 3 Mer. 440, 452 ; *Hall* v. *Barrows,* 4 De G. J. & S. 159.

It is also clear that, while it is competent for one partner to bind the other by a sale of the good-will of the business, it is out of his power to bind his partner by a contract not to go into the same business.  No person can be bound by such a contract unless he has himself entered into it, or authorized its execution so as to bind him as an individual. If, therefore, the sale of the business and good-will did not. carry with it the right to restrain the partners from engaging;

in the same business, the complainant has failed to make out any case against A. S. Edwards.

Now the proof is that the business sought to be enjoined by this bill was a new saloon and eating-house, established by A. S. Edwards, and that John W. Edwards has never, since the sale to complainant, engaged in such business. The temporary aid he may have at times rendered A. S. Edwards, who is his father, in the conduct of the business, or as his clerk, could not be so construed, although a continuous employment, even in a subordinate capacity, would, in my opinion, be so held.

The conclusion to which I am brought, upon the facts and the law, is that the bill must be dismissed with costs.